W. L. CURRIER and E. F. NORCROSS *v.* THE TOWN OF BRIGHTON, and TOWN SCHOOL DISTRICT.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed February 13, 1904.

*Town School District—Directors—Control by District—Evidence—Town Meeting—Record.*

A town school district cannot be controlled by its directors in the matter of paying a debt contracted by them as the statutory agents of the district.

In an action against a town and its town school district to recover a debt contracted by the school directors and assigned to the plaintiff, a certified copy of the record of the warning of an annual meeting of the town and the proceedings of said town meeting, showing that the meeting voted to pay said debt to the plaintiff, is admissible.

ASSUMPSIT for wood sold and delivered.   Pleas, the general issue, and tender before suit.   Trial by jury at the October Term, 1903, Essex County, *Munson*, J., presiding.   On motion, the court directed a verdict for the plaintiffs.   Judgment on verdict.   The defendants excepted.   The opinion states the facts.

*Dale & Amey* for the defendants.

The school directors are the statutory agents of the school district and not subject to the control of the district. *School Dist.* v. *Harvey,* 56 Vt. 556; *Mason* v. *School Dist.,* 20 Vt. 491; *Chittenden* v. *Waterbury,* 56 Vt. 551; *Cobb* v. *Pomfret,* 63 Vt. 648; *Wait* v. *Ray,* 67 N. Y. 36.

*J. W. Redmond* for the plaintiffs.

A town may be liable upon a *quantum meruit.* *Rowell* v. *School Dist.,* 59 Vt. 658; *Brown* v. *School Dist.,* 55 Vt. 42; *Daggett* v. *Mendon,* 64 Vt. 323; *Union, etc., Co.* v. *School Dist.,* 20 L. R. A. 136.

The district can control the school directors in the matter of paying a bill contracted by them. *Sheldon et al.* v. *Stockbridge,* 67 Vt. 303; *Bates* v. *Bassett,* 60 Vt. 536; *Lucia* v. *Eaton,* 60 Vt. 537; *Kimball* v. *School Dist.,* 28 Vt. 8; *Richardson et ux.* v. *School Dist.,* 38 Vt. 602.

ROWELL, C. J. This is assumpsit for wood sold and delivered by the plaintiff Currier. Pleas, the general issue and tender before suit. The wood was bought for the district by the school directors; but they refused to draw an order on the district treasurer to pay for it, because they claimed it was not according to the contract. Currier made out a bill for the wood, and gave an order on the district for its payment to the plaintiff Norcross. In the warning for the annual town meeting in 1903, there was an article to see if the town would vote to pay said bill to Norcross, and the meeting voted to pay it to him. The court admitted in evidence a certified copy of the record of the warning and the proceedings of said meeting, to which the defendant excepted, and said that it did not care to go to the jury on any question, and that if the record was admissible at all, it was of binding force upon the

town and determined its liability.   Thereupon the court directed a verdict for the plaintiffs, to which the defendant excepted.   Hence the only question is, whether the record was admissible at all, and the defendant contends that it was not, because the matter was wholly within the statutory jurisdiction of its school directors, and that therefore the town had nothing to do with it.   But the purchase of the wood by the directors created a debt against the town district, and in the matter of paying it the district could not be controlled by the directors, for in respect of that they were not the statutory agents of the town, any more than under the old school district system the prudential committee was such agent of the district in respect of paying debts that he had created against the district, and that he was not such agent is shown by *Richardson* v. *School District,* 38 Vt. 602, which fully recognized the right of the district to deal with the matter of paying a teacher whom the prudential committee had wrongfully discharged.   So we think the record was admissible to show that the town had the wood, and as tending to show its value, but whether conclusive or not upon the town we do not inquire, for its counsel said it was conclusive if admissible at all, and the court acted upon that in directing a verdict.

*Judgment affirmed.*